```
1   FRANK N. DARRAS #128904, Frank@DarrasLaw.com
    LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
2   SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
3   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
4   D DarrasLaw
5   3257 East Guasti Road, Suite 300
    Ontario, California 91761-1227
6   Telephone:  (909) 390-3770
    Facsimile:  (909) 974-2121
7
    Attorneys for Plaintiff
8   LORI LABELLE-WRIGHT
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LORI LABELLE-WRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
|---|---|

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Unity Point Health Group Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Unity Point Health to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, LORI LABELLE-WRIGHT ("Plaintiff" and/or Ms. LABELLE-WRIGHT"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of Unity Point Health, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-980169 that had been issued by Defendant LINA to Unity Point Health to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should she become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as

such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: The later of the expiration of any Employer sponsored short term disability benefits or salary continuation program or 180 days.
- Gross Disability Benefit:
    - Core Benefit: 50%
    - Optional Benefit: 60%
- Maximum Disability Benefit: $10,000 per month.
- Minimum Disability Benefit: The greater of $100 or 10% of an Employee's Monthly Benefit prior to any reductions or Other Income Benefits.
- Maximum Benefit Period: The Employee's 65th birthday or the date the 42nd Monthly Benefit is payable, if later.
- Definition of Disability/Disabled:
    - The Employee Disabled if, solely because of Injury or Sickness, he or she is:
        - 1. unable to perform the material duties of his or her Regular Occupation; and
        - 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

10. Prior to her disability under the terms of the Plan, on or about January 28, 2014, Plaintiff, who had been employed with Unity Point Health, was working as an Emergency Department Coordinator.

11. However, Plaintiff became disabled under the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. LINA initially approved and paid Plaintiff's LTD benefits.

13. However, on or about July 23, 2015, LINA unreasonably and unlawfully

denied her long term disability claim. And, on or about September 10, 2015 and January 8, 2016, LINA unreasonably and unlawfully upheld its denial of the disability claim.

14. According to LINA's denial letters:

- **July 23, 2015**: "After completing our review of your claim, we are unable to continue paying benefits beyond the date of this letter…You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."
- **January 8, 2016**: "After completing our review of your claim, we are unable to continue paying benefits beyond July 23, 2015…At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered…Please note that you have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)…"

15. In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's own, or any, occupation; and misrepresented the terms of the Policy.

16. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- <u>04/28/2014 MRI Lumbar Spine</u>:
  - At the L4-L5 level there is disc space narrowing consistent with

     degenerative disc disease. Postoperative changes are evident within the right lamina. There is enhancing soft tissue density associated with the right L5 nerve root consistent with epidural fibrosis.

- <u>05/22/2014 Lumbar epidural steroid injection fluoroscopy</u>
- <u>06/23/2014 Physical Abilities Assessment from Plaintiff's Treating Physician</u>:
    - Sitting: Occasionally
    - Standing: Occasionally
    - Walking: Occasionally
    - Reaching at desk level: Occasionally
    - Reaching below waist: Rare/None
    - Firm Grip: Occasionally
    - Has radicular and musclar back pain limiting her activities, unable to sit/stand/walk > 30 minutes at a time at best.
- <u>02/04/2015 Physical Abilities Assessment from Plaintiff's Treating Physician</u>:
    - Sitting: Occasionally
    - Standing: Occasionally
    - Walking: Occasionally
    - Reaching at desk level: Occasionally
    - Reaching below waist: Occasionally
    - Pt has significant lumbar radiculopathy and chronic low back pain that makes staying in any position for >15 min difficult to work.
- <u>06/17/2015 Physical Abilities Assessment from Plaintiff's Treating Physician</u>:
    - Sitting: Occasionally (Supported by clinical findings)
    - Standing: Occasionally (Supported by clinical findings)

- Walking: Occasionally (Supported by clinical findings)
- Reaching at desk level: Occasionally (Supported by clinical findings)
- Reaching below waist: Occasionally (Supported by clinical findings)
- Simple Grasp: Occasionally (Supported by clinical findings)
- Firm Grasp: Occasionally (Supported by clinical findings)
- Pushing 5 pounds: Occasionally
- Pulling 5 pounds: Occasionally
- She has chronic lumbar radiculopathy with pain shooting down to ankles at times. Unable to sit/stand/walk for greater than 5 min at a time without position changes.

- <u>08/05/2015 Letter from Plaintiff's Treating Physician</u>:
  - I am writing on behalf of Lori Labellewright (sic). She is a patient of mine that has the significant history for chronic lumbar radicular pain. This is due to a disk herniation status post a failed back surgery.
  - At my last visit, I tried to document the significant trouble she has with her back.
  - Lori is significantly limited by her back; her pain radiates down her bilateral legs with minimal movement. She is unable to lift greater than 5 pounds. We did have her carry 5 pound weight to the checkout and she was having difficulty grasping the weights with her hands, she barely was able to walk out of the exam.
  - She had positive bilateral straight leg raise.
  - Again, with her back, she is unable to crouch, bend, stoop or sit for prolonged periods.

17. To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits under the Policy since on or about July 23, 2015. The

unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed her file; failing to timely advise Plaintiff of what specific documentation it needed from her to perfect her claim; and, failing to provide a complete copy of all documents, records, and other information relevant to her claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physician's opinion does not serve as substantial evidence, as it is not supported by evidence in the claim file, was not issued by a physician with the same level of medical expertise as the board certified treating physicians, nor is it consistent with the overall evidence in the claim file.

18. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

19. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

20. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about July 24, 2015 to the present date.

21. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about July 24, 2015, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a

1 determination of Plaintiff's claim consistent with the terms of the Plan;

2     2.    An order determining Plaintiff is entitled to future disability

3 payments/benefits so long as she remains disabled as defined in the Plan;

4     3.    For reasonable attorney fees incurred in this action; and,

5     4.    For such other and further relief as the Court deems just and proper.

8 Dated: January 17, 2017     DarrasLaw

*[signature]*

PHILLIP S. BATHER
Attorneys for Plaintiff
LORI LABELLE-WRIGHT